## IN THE U.S. DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION

**RYAN DUNN, individually and on behalf
of others similarly situated,**          **CASE NO.:**
                                          **Div.**

        **Plaintiff,**

**v.**                                    **JURY TRIAL DEMANDED**

**PROFESSIONAL DEBT MEDIATION, INC.,
and MEHRNAZ ASGHARI d/b/a
LENOX CORNER APARTMENTS,**

                                  **CLASS RELIEF REQUESTED**

        **Defendants.**
_____/

## CLASS ACTION COMPLAINT

1.     This is a class action brought by Plaintiff, RYAN DUNN under the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA"). This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 (b), 15 U.S.C. § 1692k, and 28 U.S.C. § 1334 (b).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this class action lawsuit under 28 U.S.C. §1331. Venue in this District is proper because PDM maintains and conducts business within this District, and Defendant Lenox Apartments maintains and conducts business within this District.

**STANDING**

3.    Plaintiff and the Classes' harms are particularized in that the damages from Defendant PDM's conduct affected Plaintiff and the Class personally.

4.    Plaintiff and the Classes' harms are concrete in that they are cognizable as actual damages under the FCCPA and the FDCPA, in addition to the statutory damages provided by Congress.

5.    Together, the aforementioned actual and statutory damages produce cognizable damages under Article III both as to the Class harms and Plaintiff's individual damages under the FCCPA and the FDCPA.

**PARTIES**

6.    Plaintiff is a natural person and a resident of Alachua County, Florida. At all times material hereto, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8). Plaintiff has standing to bring a claim under the FCCPA and the FDCPA because he was directly affected by violations of these Acts and was subjected to Defendant's illegal and improper debt collection activities.

7.    Defendant PDM is a "debt collector" as defined by the FDCPA, 15 U.S.C.A. § 1692a(6) and the FCCPA, Fla. Stat. §559.55(7) and is headquartered in Jacksonville, Florida.

8.    PDM a collection company that specializes in collecting consumer landlord tenant debt and considers itself the "industry leader" since 1988. They state "PDM is the results leader in the Multi-Family industry. We specialize in recovering monies due from past tenants or recently evicted."  PDM also states that it has a "24% higher collection rate than the national average for multi-family clients."  And goes on to state that, "with over 150 years of combined experience, our specialists are well-versed in federal and state-by-state collection laws and industry-specific laws (such as landlord/tenant."  *See* http://www.pdminc.net, date accessed July 11, 2022).

9.    Defendant LENOX is a "landlord" pursuant to Fla. Stat. §83.43 as it is the owner or lessor of a dwelling unit in Florida and is headquartered in Gainesville, Florida.

10.    At all material times herein, Defendants, LENOX and PDM were "persons" subject to Florida Statutes, Section 559.72. At all material times herein, Defendants are "persons" subject to Florida Statutes, Section 559.72. [1]

---

[1] Unlike the FDCPA, "the FCCPA applies not only to debt collectors but also to any 'person.'" *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 910 (Fla. 2d DCA 2014); *see also* § 559.72 (providing that "[i]n collecting consumer debts, no *person* shall . . .") (emphasis added); *Morgan v. Wilkins*, 74 So. 3d 179, 181 (Fla. 1st DCA 2011) (noting the appellees' concession that the trial court was in error when it ruled that FCCPA pertains only to debt collectors" in a case where a former client allegedly owed a debt to a law firm); *Kelliher v. Target Nat'l Bank*, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011) ("Although the federal FDCPA does not apply to original creditors, the FCCPA has been interpreted to apply to original creditors as well as debt collection agencies.").

11.    At all times relevant hereto, Defendant PDM was acting as a debt collector with respect to the collection of Plaintiff's alleged apartment debt with Defendant LENOX. *See Zerquera v. Centennial Homeowners' Association, Inc.*, 752 So.2d 694 (Fla. 3rd DCA 2000).

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

12.    On or about May 11, 2020, Plaintiff entered into a lease with Defendant Lenox Corner Apartments in Gainesville, FL (the "Lease") for apartment # 313. ***See Exhibit A.*** Pursuant to Florida R. Civ. P. 1.130(a), the entire Lease and all addendums between the parties is hereby incorporated into this Complaint by reference. *See Fla. R. Civ. P.* 1.130(a) (" . . . contracts, accounts, or documents on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, **must be incorporated in** or attached to the pleading"). The Plaintiff's ***Exhibit A*** has been attached for record purposes and does not include every irrelevant addendum.

13.    Upon information and belief, both Defendants has in its files a complete copy of the Lease with all addendums.

14.    After the lease ended, Plaintiff was sent a *Notice of Claim on Security Deposit* on January 25, 2021.  The property damages totaled $402.00 as well as December rent of $750.00, and late fees of $144.00 ($1,296.00).    After

4

deducting the $300.00 deposit, Defendant Lenox asked Plaintiff to "please send this amount:  $996.00." *See Notice of Claim on Security Deposit, Exhibit B*.

15.    LENOX transferred to the Debt to Defendant PDM for collections.

16.    When the Debt was transferred to Defendant PDM for collections, a $664.00 "collection fee" was added on to the $996.00 debt for a total of $1600. *See "New Collection File Checklist" Exhibit C.*

17.    The $664.00 "collection fee" is 67% percent of the Plaintiff's original balance of $996.00 demanded in the Notice of Claim on Security Deposit.

18.    On or about November 11, 2021, PDM sent a "validation of debt" letter to Plaintiff Dunn. *See Exhibit D, Validation Letter.*

19.    The Validation Letter sent by PDM lists the total amount due as $1660.00 (specifically the "original balance placed with PDM was: $1660.00"). *See Exhibit D.*

20.    Further, the Validation Letter states "as a third party debt collection company, PDM does not add any fees to your account." *See id.*

21.    However, the $664.00 fee was not added until the Debt was transferred to PDM.

22.    Upon information and belief, PDM is the only beneficiary of the $664 fee, adding it to the $996.00 debt and creating an illegal 67% collection fee on

the account.  This creates a distinction without a difference, as the fee's only purpose is for collection and is there to solely benefit PDM.

23.    Upon further information and belief, PDM regularly sends letters demanding fees on consumer debts that are not in the underlying contracts or leases in violation of the FCCPA.

24.    Defendant PDM has been in the business of collecting landlord tenant debt since 1988.  Defendant advertises on its website, "With over 150 years of combined experience, our specialists are well-versed in federal and state-by-state collection laws and industry-specific laws (such as landlord/tenant)."

25.    Defendant PDM has strict requirements that it follows to set up new collection files including:  Entire Signed Lease Agreement, S.O.D.A. – Statement of Deposit, Rental Application, Copies of any NSF Checks, Move-Out Inspection Form.  PDM warns clients such as Lenox that "WE CANNOT SET UP ACCOUNTS WITHOUT THESE DOCUMENTS."  Defendant PDM has copies of the relevant leases for each apartment complex for which it collects.  To that end, PDM has actual knowledge of which collection fees are allowed by lease and statute and is and was aware that the $664 fee was not allowed the lease or Florida landlord tenant laws. ***See Exhibit C.***

26.    Defendant LENOX had actual knowledge that the 67% collection fee was not allowed by law as it prepared and drafted the Lease signed by Tenant.

Furthermore, as Defendant LENOX has owned the apartment since 1988, it has substantial experience and knowledge of landlord tenant laws and practices.

27.    In an email on February 23, 2022, Plaintiff questioned the $664.00 fee to PDM and stated that nothing in the lease allowed the charges and that it was a violation of the Fair Debt Collection Practices Act.    *See Exhibit F*. Defendant PDM's employee, Jessica McQuain stated that "Our client is firm on the balance due." In reply, Plaintiff stated, "That balance is in no way justified. That is fraud." *See Exhibit F.*

28.    On February 25, 2022, Jessica McQuain replied to Plaintiff's email and in an attempt to justify the $664.00, "You may refer to section 2 RENT of your lease agreement to review." *See Exhibit F.*

> **Lessee shall be charged a late fee of Forty and No/100 ($40.00) Dollars and Four and No/100 ($4.00) Dollars for each day thereafter unit [sic] the rent is paid in full, all as additional rent, plus any costs incurred by Lessor because of any legal proceeding (including: taxes, collection agency fees or any interests for past due rent) begun because of such failure to pay rent).**

> *Exhibit A, p. 1, section. 2.*

> Jessica closed the email by stating, "Our client is firm on the balance."

29.    The only costs allowed in the cited section of lease permits costs incurred by Lessor because of any "legal proceeding."   However, there was never any legal proceeding filed against Plaintiff and there is absolutely no legal or contractual basis for collection fees of any amount found in  the lease.

## COMMUNICATION TO THIRD PARTIES

30.     Sometime in October 2021, Defendant PDM began reporting the $1660 debt balance on Plaintiff's credit report. ***See Exhibit E, Credit Report.***

31.     As mentioned above, the $1660.00 amount is inaccurate and includes a charge of $664.00 not authorized by the underlying lease.

32.     PDM is reporting a higher debt amount than it can legally collect and is reporting this debt to any third parties who would pull Plaintiff's credit report.

33.     The FDCPA specifically prohibits "The false representation of . . . the character, amount, or legal status of any debt." 15 U.S. Code § 1692e(2)(A).

34.     PDM reporting and disclosing the wrong amount of the debt to the credit bureaus violates the FDCPA.

## CLASS ACTION ALLEGATIONS AGAINST PDM

33.     This action is brought on behalf of the following Classes against PDM:

The FCCPA Collection Fee Class:

(1) All persons in Florida who (2) entered into a residential lease agreement and (3) after move out (3) were sent a letter by PDM demanding a collection fee not permitted by the lease from the applicable limitations period prior to the filing of the original Complaint in this action through the date Notice is ordered by the Court to be issued to the Class.

The FDCPA Collection Fee Class:

All persons nationwide who (1) entered into a lease agreement and (2) after move out (3) were sent a letter by PDM demanding a collection fee not permitted by the lease from the applicable limitations period prior to the filing of the original Complaint in this action through the date Notice is ordered by the Court to be issued to the Class.

The FDCPA Credit Reporting Class:

All persons nationwide who (1) entered into a lease agreement and (2) after move out (1) were charged a collection fee not permitted by the lease (2) PDM reported the inflated debt on the consumer's credit report and (3) third parties accessed the report (4) from the applicable limitations period prior to the filing of the original Complaint in this action through the date Notice is ordered by the Court to be issued to the Class.

34.    The relevant time periods for the Class claims is one year from the date of the complaint for the FDCPA classes and two years from the date of the complaint for the FCCPA class.

35.    Plaintiff reserves the right to amend the above-stated class definitions based upon facts learned in discovery.

36.    Plaintiff also alleges on information and belief that based on accounts Defendant services in the State of Florida, the Class members are so numerous that joinder of all members is impracticable. There are more than forty (40) individuals in each, the FCCPA Collection Fee Class, the FDCPA Collection Fee Class, and the FDCPA Credit Reporting Class as previously defined herein.

9

37.    There are questions of law or fact common to the Classes, which common issues predominate over any issues involving only individual class members. Factual and/or legal issues common to each class member include:

    a.    Whether Defendant PDM's conduct is governed by the FDCPA, and/or the FCCPA.

    b.    Whether demanding the collection fees not permitted in the underlying lease violated the FCCPA.

    c.    Whether demanding the collection fees not permitted in the underlying lease violated the FDCPA.

    d.    Whether PDM knowingly reporting the incorrect debt amount to the credit bureaus violated the FDCPA.

38.    Plaintiff's claims are typical of those of the members of the FDCPA and the FCCPA Classes. Within the Classes, all claims are based on the same facts and legal theories. All claims of the Classes and Plaintiff have standing under Article III of the Constitution, with injuries easily traceable to the consumer's accounts which include an underlying lease without language that authorizes the collection charge.

39.    Plaintiff will fairly and adequately protect the interests of the Classes. He has retained counsel experienced in handling actions involving unlawful

practices under FCCPA, FDCPA, and class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to vigorously pursue this action.

40.     Certification of each Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  a.    The questions of law or fact common to the members of the FDCPA Fee Class predominate over any questions affecting individual members.

  b.    The questions of law or fact common to the members of the FCCPA Fee Class predominate over any questions affecting individual members.

  c.    The questions of law or fact common to the members of FDCPA Reporting Class predominate over any questions affecting individual members.

  d.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the claims rely on standard form letters sent to hundreds of possible class members.

41.     Certification of the Classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds

generally applicable to the Classes, thereby making final injunctive relief appropriate with respect to the Classes as a whole.

42.    Plaintiff requests that the FCCPA Collection Fee Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

43.    Plaintiff requests that the FDCPA Collection Fee Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

44.    Plaintiff requests that the FDCPA Reporting Class be certified under Rule 23(b)(3) for monetary damages, and pursuant to Rule 23(b)(2) for injunctive relief.

## COUNT I – PDM
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")
(FCCPA Unlawful Collection Fee Class)

45.    Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 above as if fully set forth herein.

46.    In applying and construing the FCCPA", due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and

the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. §559.77(5).

47.    In *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014), the 11th Circuit Federal Court of Appeals held that a 33 1/3 % collection fee applied to an account violated the FDCPA where the contract only provided for costs of collection.

48.    The *Bradley* case has been cited into Florida law via the FCCPA's "due consideration" clause: "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5). In addition, this case and those like have been considered in reference to improper fees in cases such as *Revien v. E. Revenue, Inc.,* CASE NO. 9:17-CV-80959-ROSENBERG/REINHART (S.D. Fla. Mar. 21, 2018) (summarizing case law regarding specific contractual language and the charging of improper fees under the FDCPA).

49.    Similar class actions have already been granted on fees not included in underlying leases in Florida. *See Glenn Nicholas v. BW Sola Apts et al.* (Fourth Judicial Circuit, Duval County, Florida, 6-2019-CA-02684) (granting class settlement where a property management company charged a 40% collection fee not specifically provided for in the underlying leases).

50.    At all times material herein, Plaintiff and the FCCPA Fee Class Members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

51.    At all times material herein, Plaintiff's debt and the debts of the Fee Class Members was a "debt" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

52.    At all material times herein, the aforementioned letters and other documents, qualify as "communications" as defined by Florida Statutes, § 559.44(2).

53.    At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

54.    Among the FCCPA's enumerated prohibitions, the relevant sections are as follows:

> Prohibited practices generally. In collecting consumer debts, no person shall:
>
> (7)    …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;
>
> (9)    "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate…"
>
> Fla. Stat. §559.72(7)(9).

55.    Defendant PDM has repeatedly attempted to collect a fee that is not found within the apartment lease Plaintiff and all those similarly situated signed.

14

56.    By repeatedly attempting to collect a fee that was not provided for in the lease, Defendant has violated the FCCPA by "…Claim[ing], attempt[ing], or threaten[ing], to enforce a debt when such person knows that the debt is not legitimate" Fla. Stat. § 559.72(9).

57.    Further, by demanding a fee that is beyond reasonable costs of collection, Defendant has violated the FCCPA by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7).

58.    In addition to the above, Defendant had the lease and security deposit letter sent to Plaintiff before beginning its collection activities, which meant they had knowledge of their ability to charge collection fees pursuant to the contract which did not include provision for a high fee. Therefore, Defendant had actual knowledge of its violation.  In fact, "PDM leaders stay current on changes to federal, state and local laws,  our specialists are well-versed in federal and state-by-state collection laws and industry-specific laws (such as landlord/tenant)".  )." *See* http://www.pdminc.net, date accessed July 11, 2022).

59.    Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and the class members and caused them unnecessary personal strain in their relationships, as well as with other family members.

60.    As a result of Defendant's violations of the FCCPA, Plaintiff and class members are entitled to statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

61.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff and class members such as enjoining further illegal collection activity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays that the Court enters an order against Defendant PDM:

a) Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FCCPA Fee Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b) for an award of actual damages pursuant to Section 559.77 against Defendant and for  Plaintiff and FCCPA Fee Class;

c) for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff and FCCPA Fee Class;

d) for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff and FCCPA Fee Class; and

e) for such other relief as this Court deems just and proper.

## COUNT II – PDM
## CLAIMS AGAINST DEFENDANT PDM FOR VIOLATIONS OF THE FDCPA
### (FDCPA Unlawful Collection Fee Class)

62.    Plaintiff, on behalf of himself and all other similarly-situated FDCPA Billing Statement Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 44, above as if fully set forth herein.

63.    Plaintiffs and FDCPA Fee Class members are "consumers" as that term is defined by 15 U.S.C. §1692(a)(3).

64.    Defendant is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

65.    At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff and FDCPA Fee Class Members (the "Debt").

66.    At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

67.    At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined 15 U.S.C. §1692a(2).

68.    This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

17

69.    The collection letters are "communications" as that term is defined by 15 U.S.C. § 1692a(2).  At all material times herein, Plaintiff and the Class Members' debts  were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

70.    Defendant attempted to collect debts with charges that were not authorized by the underlying leases.

71.    By misrepresenting the status of the debt as collectible and attempting to collect charges not authorized in underlying consumer contracts, Defendant PDM violated:

a.    15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt);

b.    15 U.S.C §1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt"); and

c.    15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

72.    As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Class Members have been harmed.  Plaintiff and FDCPA

18

Collection Fee Class Members are entitled to statutory damages, attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays that the Court enter an Order:

a)  Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FDCPA Fee Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b)  Adjudging that Defendant violated the FDCPA, 15 U.S.C. §1692e and 15 U.S.C. §1692d and awarding Plaintiff and the Class actual damages in the form of money paid to Defendant on inflated debts and statutory damages pursuant to the 15 U.S.C. § 1692k(a)(3);

c)  Permanently enjoining Defendant from charging collection fees to Plaintiff and the FDCPA Class in the manner described in this lawsuit;

d)  Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3).;

e)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III - LENOX CORNER APARTMENTS
## THE FLORIDA CONSUMER COLLECTION
## PRACTICES ACT Section 559.55 et seq., Fla. Stat.
(Individual Claim)

73.     Plaintiff re-alleges each and every allegation numbered 1 through 32 as if fully set forth herein.

74.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat.

75.     Defendant LENOX hired PDM to collect $1660 which was $664 *more* than the underlying debt.

76.     Defendant LENOX was not authorized to charge a 67% collection fee under the lease agreement or pursuant to any statutory basis.

77.     LENOX prepared the lease and had actual knowledge that a 67% collection fee was not permitted by the lease.   Despite that, it has permitted PDM to charge the unlawful $664.00 collection fee.

78.     By hiring a debt collector to collect an amount not owed under the lease, specifically a 67% collection fee, Defendant LENOX is, was subject to, and has violated provisions of Fla. Stat. §559.72 by:

> a.   "…willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7); and

     b.  "by attempting to collect the debt with knowledge that the Debt is not legitimate or **asserting the existence of the legal right with the knowledge that the right does not exist**" Fla. Stat. § 559.72(9).

79.    Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

80.    Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

81.    As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

82.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant LENOX:

a) for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against

    a. Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

d) for such other relief as this Court deems just and proper.

### COUNT IV-PDM
### CLAIMS AGAINST DEFENDANT PDM FOR VIOLATIONS OF THE FDCPA
### (FDCPA Reporting Class)

83.    Plaintiff, on behalf of himself and all other similarly-situated FDCPA Reporting Class members, repeats and re-alleges each and every allegation contained in paragraphs 1 through 44, above as if fully set forth herein.

84.    Plaintiffs and FDCPA Reporting Class members are "consumers" as that term is defined by 15 U.S.C. §1692(a)(3).

85.    Defendant is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

86.    At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff and FDCPA Reporting Class Members (the "Debt").

87.    At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

88.    At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined 15 U.S.C. §1692a(2).

89.    This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

90.    The disclosures to third parties by way of credit reporting are "communications" as that term is defined by 15 U.S.C. § 1692a(2).  At all material times herein, Plaintiff and the Class Members' debts were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

91.    Defendant disclosed to third parties class member's debt amounts which were inflated with improper charges. These amounts were then reported to third parties.

92.    By misrepresenting the amount of debt to third parties, Defendant PDM violated:

> d.    15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt);

23

    e.  15 U.S.C §1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt"); and

    f.  15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

93.    As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and the Reporting Class Members have been harmed. Plaintiff and FDCPA Reporting Class Members are entitled to statutory damages, attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays that the Court enter an Order:

g)  Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as FDCPA Reporting Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

h)  Adjudging that Defendant violated the FDCPA, 15 U.S.C. §1692e and 15 U.S.C. §1692d  and awarding Plaintiff and the Class actual damages in the form of money paid to Defendant on inflated debts and statutory damages pursuant to the 15 U.S.C. § 1692k(a)(3);

i)  Permanently enjoining Defendant from charging collection fees to Plaintiff and the FDCPA Reporting Class in the manner described in this lawsuit;

j)  Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3).;

k)  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

l)  Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

/s/ Max Story, Esq.   _____
Max Story (Fl. Bar No. 0527238)
Austin J. Griffin (Fl. Bar No. 117740)
STORY GRIFFIN
328 2nd Avenue North
Jacksonville Beach, Florida 32250
(904) 372-4109
(904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Counsel for Plaintiff*